UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:16-CR-47-JVB-JEM |
| ) | |
| WILLARD ABATIE, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a motion for compassionate release [DE 66] filed by Defendant Willard Abatie, *pro se*, on December 8, 2020[1]. The Government responded on December 18, 2020. For the reasons below, the Court denies the motion.

### BACKGROUND

On April 20, 2016, a three-count Indictment was filed charging Defendant with coercion and enticement of a minor, and production and receipt of child pornography. Defendant was arrested and released on a $20,000 appearance bond. On July 27, 2016, Defendant pled guilty to Count 1, coercion and enticement of a minor. At the May 11, 2017 sentencing hearing, the Court dismissed the remaining counts, and sentenced Defendant to a total of 292 months imprisonment and five years of supervised release. Defendant is currently confined at the Federal Correctional Facility in Pekin, Illinois (FCI-Pekin).

On December 8, 2020, Defendant filed the instant motion, asking to be released from prison is light of the COVID-19 pandemic and his age, obesity, and low testosterone. The Court referred the motion to the Federal Community Defenders Office to consider whether to file a supplemental

---

[1] Although dated October 19, 2020, the motion was received by the Clerk and docketed on December 8, 2020. *See* [DE 66].

brief in support of Defendant's motion. The office declined to do so. The Government filed a response on December 18, 2020.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

### A.  Administrative Exhaustion

The administrative exhaustion requirement is satisfied "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The parties agree that Defendant made the appropriate request to the warden of FCI-Pekin, which was denied on October 1, 2020. Accordingly, the Court finds that Defendant has satisfied this requirement.

### B.     Extraordinary and Compelling Reasons

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment

2

of a correctional facility" and the defendant is not expected to recover from the condition. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.[2]

Defendant identifies his age (67), obesity, and low testosterone as factors supporting his request for compassionate release. The CDC explicitly recognizes age and obesity as conditions that can lead to higher risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 21, 2020). Defendant provides no documentation of his conditions, but states that he receives testosterone injections every two weeks and takes aspirin daily. His motion does not indicate how obese he is or whether he has required or sought treatment for his obesity. Even assuming Defendant's allegations are true, the motion does not show that he has had particularly severe symptoms, required aggressive treatment, or would be unable to provide self-care at the correctional facility. It is not apparent that his conditions are so severe that they are "extraordinary and compelling" reasons for release. *See, e.g., United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899 (N.D. Ind. June 19, 2020) (denying request for release despite allegations of hypertension, high cholesterol, diabetes, obesity, and childhood asthma).

Defendant argues that because he is incarcerated, he faces an increased risk for contracting COVID-19. The Court does not take this concern lightly. Of the 943 inmates at FCI-Pekin, the BOP reports 214 active cases of COVID-19 among inmates, and 12 among staff, while 427 inmates and 37 staff members are listed as having "recovered," with no deaths attributed to the virus. *See* https://www.bop.gov/coronavirus/ (last visited December 21, 2020). It is apparent that FCI-Pekin has failed to control the virus. *See United States v. Sparkman*, No. 09-CR-0332-07, 2020 WL

---

[2] The policy statement does not reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

3

6781793, at *7 (N.D. Ill. Nov. 18, 2020) (discussing the outbreak at FCI-Pekin). However, the presence of COVID-19 in a prison, even in large numbers, does not justify compassionate release unless the inmate's medical conditions are sufficiently serious. *See, e.g., United States v. Buchanan*, No. 1:18-CR-21-HAB, 2020 WL 3790589, at *1 (N.D. Ind. July 7, 2020) (denying compassionate release despite 360 active cases of COVID-19 at prison); *United States v. Pena, No.* 2:15-CR-72-PPS, 2020 WL 3264113, at *3 (N.D. Ind. June 17, 2020) (denying compassionate release where "prison medical records indicate that Pena is generally in good health and his ailments are well-controlled" despite outbreak at FCI-Elkton); *see also United States v. Collins,* No. 14-CR-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease.").

Under the circumstances, the Court cannot say that Defendant's medical conditions and the present COVID-19 pandemic provide an extraordinary and compelling reason to warrant compassionate release and must deny the motion. In so doing, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in the motion for compassionate release [DE 66].

SO ORDERED on December 22, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

4