**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CR-47-JVB-JEM |
| | ) | 2:19-CV-477-JVB |
| WILLARD ABATIE, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 [DE 58] filed by Defendant Willard Abatie on December 11, 2019. The Government filed a response on February 8, 2020, and Abatie filed a reply on March 5, 2020.

## PROCEDURAL BACKGROUND

Abatie was charged in a three-count indictment with (1) coercion and enticement of a minor in violation of 18 U.S.C. §§ 2(a), 2422(b), (2) production of child pornography in violation of 18 U.S.C. §§ 2(a), 2251(a), and (3) receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).On July 27, 2016, Abatie pled guilty to Count 1 pursuant to a plea agreement. In line with the plea agreement, Counts 2 and 3 were dismissed on the Government's motion at the May 11, 2017 sentencing. On Count 1, the Court sentenced Abatie to 292 months of imprisonment followed by five years of supervised release.

Abatie was appointed Adam Tavitas as counsel on March 31, 2016. Tavitas remained as counsel through the close of the case.

## ANALYSIS

Title 28 section 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Relief under § 2255 is only appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). Abatie argues that he should be granted relief under § 2255 due to ineffective assistance of his trial counsel, which is a Sixth Amendment issue.

### A. Ineffective Assistance of Counsel Standard

Supreme Court case *Strickland v. Washington* provides the standard for ineffective assistance of counsel. 466 U.S. 668 (1984). This standard requires that "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). The two parts of the standard are often referred to as the "performance" prong and the "prejudice" prong.

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

The performance prong is met if the challenger shows that counsel's representation "fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). The review of an attorney's performance is highly deferential to mitigate hindsight bias, and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 562 U.S. at 104 (internal quotation marks omitted). The *Strickland* analysis "calls for an inquiry into the objective

reasonableness of counsel's performance, not counsel's subjective state of mind." *Harris v. United States*, 13 F.4th 623, 630 (7th Cir. 2021), reh'g denied (Nov. 10, 2021) (quoting *Harrington*, 562 U.S. at 110). The Court "will not presume deficient performance based on a silent record because [the Court] presume[s] counsel made reasonable strategic choices unless the defendant presents evidence rebutting that presumption. *United States v. Traeger*, 289 F.3d 461, 472 (7th Cir. 2002). A lawyer does not have a duty to assert a frivolous argument. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005).

The prejudice prong is met if the challenger shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694).

### B. Sentencing Enhancements and *Nelson*

Abatie contends that his counsel was ineffective for failing to object to sentencing enhancements that Abatie agreed to in his plea agreement, specifically U.S.S.G. §§ 2G2.1(b)(2)(A), 2G2.1(b)(6)(B), and 4B1.5(b)(1), because relevant conduct relating to the dismissed counts was used to enhance Abatie's sentence.

In *United States v. Watts*, the Supreme Court held that a court may consider dismissed relevant conduct at sentencing if it has been proved by a preponderance of the evidence. 519 U.S. 148, 156-57 (1997).

Abatie argues that *Nelson v. Colorado*, 117 S.Ct. 1249 (2017), decided shortly before he was sentenced, invalidated *Watts*. In *Nelson*, the Supreme Court found a Colorado statute to be unconstitutional because the Fourteenth Amendment right to due process is violated by the way that statute handled the refund of costs, fees, and restitution after a defendant's criminal conviction

is invalidated. 117 S.Ct. at 1255. Despite Abatie's protestations to the contrary, *Nelson* did nothing to invalidate *Watts*. *See United States v. Verduzco Velazquez*, 2019 WL 2076596, at *2 (N.D. Ind. May 9, 2019) ("The *Nelson* case did not discuss, at any level, the use of relevant conduct at sentencing."); *Whitfield v. United States*, 2018 WL 3993809, at * 5 (N.D. Ill., Aug. 21, 2018) ("In short, the *Nelson* Court did not discuss relevant conduct at sentencing. . . . [T]he *Nelson* decision has no bearing on [this] case."); *see also United States v. Thurman*, 889 F.3d 356, 371 (7th Cir. 2018) (noting that the Supreme Court has not overruled *Watts*, which is still binding authority). *Watts* remains good law, so counsel's performance was not deficient by failing to present Abatie's argument about *Nelson*.

Even if future jurisprudence extends *Nelson* the way Abatie argues it should be extended, effective assistance of counsel "does not require counsel to forecast changes or advances in the law." *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001). Counsel was not ineffective for failing to object to the sentencing enhancements under *Nelson*, so the Court denies relief on this argument.

### C. Double Jeopardy/Double Counting

Abatie argues that counsel was ineffective for failing to make a double jeopardy or double counting objection to the five-level enhancement under U.S.S.G. § 4B1.5(b)(1) and the two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A). The Fifth Amendment protection against double jeopardy protects against multiple punishments for the same offense. *Shiro v. Farley*, 510 U.S. 222, 229 (1994). When calculating the guidelines sentencing range, double counting is "using the same conduct more than once to increase a defendant's guidelines sentencing range." *United States v. Vizcarra*, 668 F.3d 516, 519 (2012). Double counting is not a constitutional issue and is only

prohibited where the sentencing guidelines expressly state so. *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012).

Despite Abatie's argument to the contrary, § 4B1.5(b) does not raise a concern of impermissible double counting because the text of that guideline "reflects the Commission's intent that repeat offenders receive a 5-level enhancement 'in addition to' any calculations in Chapters Two and Three." *United States v. Craig*, 420 F. App'x 605, 607 (7th Cir. 2011) (citing *United States v. Von Loh*, 417 F.3d 710, 715 (7th Cir. 2005)).

Section 2G2.1(b)(2)(A) also raises no double counting because the underlying offense, coercion and enticement of a minor, does not have as an element the defendant's commission of a sexual act or sexual contact, which is what the sentencing enhancement requires. *See United States v. Berg*, 640 F.3d 239, 250-51 (7th Cir. 2011).

Because there is no double jeopardy or double counting issue, counsel was not ineffective for failing to object on these grounds.

### D. Substantive Challenges

Abatie also appears to challenge the merits of the enhancements' application to the facts of his case. However, Abatie's plea agreement contained a waiver of Abatie's right to contest through § 2255 his conviction and sentence on any ground other than a claim of ineffective assistance of counsel. (Plea Agreement ¶ 7(g), ECF No. 18). Pursuant to the waiver, the Court denies Abatie's motion as to the substantive challenges to the guidelines calculations used in sentencing.

### E. Certificate of Appealability

Section 102 of the Anti-Terrorism and Effective Death Penalty Act provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is "a demonstration that . . .

5

includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000). Abatie has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

## CONCLUSION

Based on the forgoing, the Court hereby **DENIES** the Motion Under 28 U.S.C. § 2255 [DE 58] and **DECLINES** to enter a certificate of appealability.

SO ORDERED on October 4, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT